UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANIE ELLWOOD, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:12-518 |
| v. | : | (JUDGE MANNION) |
| POCONO MEDICAL CENTER, *et al.*, | : | |
| | : | |
| Defendants | | |

**MEMORANDUM**

Presently before the court is the defendants' unopposed motion for summary judgment, (Doc. 35), filed on October 4, 2013. As of that date, the plaintiff has not responded to the defendants' motion nor submitted any evidence or a brief in opposition. For the reasons articulated below, the motion will be granted and judgment entered in favor of the defendants.

**I.     Factual Background**

Pursuant to L.R. 56.1, where no response has been filed to a moving party's statement of material facts, those facts will be deemed admitted. The defendants have filed a statement of material facts supported by affidavits which have not been controverted by the plaintiff. Therefore, those facts are deemed admitted.

The plaintiff, Jeanie Ellwood, was employed by Defendant Pocono

Medical Center (PMC) as a registered nurse from March 9, 2007 until March 10, 2010. The other three named defendants worked for PMC in various capacities with the plaintiff: Brenda Fisher worked as a nursing manager, Clayton Nottleman was a human resources manager, and Vicky Sheppie was an employee health representative. (Doc. 35, Att. 1-3).

On March 17, 2009 the plaintiff became injured and was unable to work again until April 28, 2009. When she returned, the plaintiff had a lifting restriction that was honored by the defendants through an accommodation. (Doc. 35). Between March 2009 and February 2010, the plaintiff applied for and was granted twelve weeks of leave under the Family Medical Leave Act (FMLA). The plaintiff requested additional leave, but due to PMC's operational requirements, no additional leave was granted.

On February 2, 2010, the plaintiff got sick at work and was sent down to the employee health department for treatment. The plaintiff left her work station, but did not go to the employee health department. Unable to locate the plaintiff, a search was conducted and the plaintiff was found in her car. She was observed to have a lit cigarette in her lap, so the defendants took her from the car to the employee health department. (Doc. 35).

After this incident, the plaintiff was placed on inactive status and told that once she was cleared by her physician to return to work, she could apply for available positions. She did not contact the defendants regarding her

employment after that date. According to the defendants' affidavits, the plaintiff was never terminated and each of employees explicitly denies discriminating against her for any reason. (Doc. 35).

## II. Procedural Background

This action commenced on December 19, 2011 when the plaintiff filed her four-count complaint against the defendants. (Doc. 1). The complaint alleges violations of the Americans with Disabilities Act (ADA) through termination and retaliation, wrongful termination in violation of FMLA, and employment discrimination in violation of the Pennsylvania Human Relations Act (PHRA). (Id.). The defendants filed their answer on April 23, 2012. (Doc. 8). The plaintiff's attorney filed a motion to withdraw on May 31, 2013 based on an inability to communicate with the plaintiff, (Doc. 28), that was granted by the court on June 24, 2013. (Doc. 31). The plaintiff was instructed to obtain new counsel prior to July 29, 2013, but no counsel has filed an appearance on her behalf. The court has had no contact with the plaintiff or any of her representatives since June 2013.

The instant motion for summary judgment was filed, along with a brief in support and statement of material facts, on October 4, 2013. (Doc. 35; Doc. 36; Doc. 37). The plaintiff has not filed a counter-statement of facts or brief in opposition as of the date of this decision.

3

**III. Standard of Review**

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©; *see also* *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law*. Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Aetna Cas. & Sur. Co. v. Ericksen,* 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates,* 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a

4

genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); see also *Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

**IV. Discussion**

Here, the court has deemed the defendants' motion for summary judgment unopposed and all material facts are admitted pursuant to Local Rules 7.6 and 56.1. In the interest of thoroughness, the court will also discuss

the merits of the defendants' motion and arguments.

First, the plaintiff alleges a violation of the ADA because she was terminated because of her drug addiction. (Doc. 1, p. 12). No evidence of drug addiction or any other disability has been presented by the plaintiff. "There are three ways in which a person can be classified as disabled [under the ADA]: (1) a physical or mental impairment that substantially limits one or more of the major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment." *Bearly v. Friendly Ice Cream Corp.*, 322 F.Supp. 563, 575 (M.D. Pa. 2004)(citing 42 U.S.C.A. § 12102(2)). Substantial limitations are evaluated according to "(1) the nature and severity of the impairment; (2) the duration or expected duration; and (3) the expected or actual permanent or long-term impact of or resulting from the impairment." *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 185 (3d Cir. 1999)(citing 29 C.F.R. §1630.2(j)(2)). The plaintiff has presented no evidence to demonstrate that she was disabled within the meaning of the ADA or that she had any disability that substantially limited any life activities. As such, her claim for violation of the ADA fails.

Second, the plaintiff alleges she was terminated because she exercised her rights under the ADA. "To establish a prima facie case of retaliation under the ADA, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's

6

protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). There is no evidence before the court indicating what protected expression the plaintiff engaged in. That claim fails as well.

Third, the plaintiff alleges discrimination under the FMLA. "It is apparent from the face of §825.220(c) [of the FMLA] that to be successful on this claim, [the plaintiff] must show that (1) [she] took an FMLA leave, (2) [she] suffered an adverse employment decision, and (3) the adverse decision was causally related to [her] leave." *Conoshenti v. Public Service Elec. & Gas Co.*, 364 F.3d 135, 146 (3d Cir. 2004). The defendants concede the plaintiff took leave covered under the FLMA. However, the plaintiff has presented no evidence that she suffered an adverse employment decision or that any adverse decision was related to her FMLA leave. The FLMA claim fails.

Lastly, the plaintiff alleges violations of her rights under the PHRA. "Allowing a discharged employee to commence an action in the courts without first exhausting administrative remedies would be logically inconsistent with the legislature's having created the PHRC to function as an efficient mechanism for handling such disputes." *Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 919 (Pa. 1989). There is no evidence to demonstrate the plaintiff exhausted her administrative remedies prior to

7

commencing this suit. The defendants are entitled to summary judgment on the PHRA claim.

## V.    Conclusion

In light of the reasoning discussed above, the defendants' unopposed motion for summary judgment, (Doc. 35), is **GRANTED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 10, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-518-01.wpd